UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>SPENCER MASSENGALE,<br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>Case No. 1:23-cr-0047<br>Judge Clark Waddoups |

This matter is before the court on a Motion for Extension of Time filed by Defendant Spencer Massengale. Mr. Massengale requests an extension of time to file a Notice of Appeal.

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure states that a defendant must file a Notice of Appeal within fourteen days after "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Mr. Massengale was sentenced on September 29, 2026, and the court entered the Judgment (ECF No. 102) on the same day. This means Mr. Massengale had until Tuesday, October 13, 2026, to file the Notice. He did not do so.

Nevertheless, Rule 4(b)(4) also states:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice —extend the time to file a notice of appeal for a period not to exceed 30 days from the *expiration of the time* otherwise prescribed by this Rule 4(b).

Fed. R. App. P 4(b)(4) (emphasis added). Accordingly, the court is now tasked to determine if

good cause exists to warrant an extension.

Mr. Massengale asserts he attempted to file an appeal within fourteen days, but his "counsel would not file the notice because defendant had waived appellate rights in his plea agreement and because counsel believed an appeal would be pointless." Mot. for Extension, at 1 (ECF No. 106). The United States Supreme Court has stated, "if counsel finds [a] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967). That action, however, is taken at the appellate level because "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.*

While "the *Anders* procedure is not an independent constitutional command," *Smith v. Robbins*, 528 U.S. 259, 260 (2000) (citation omitted), it makes clear what procedure counsel should follow when it has concerns about the legitimacy of an appeal. Because the procedure was not followed, the court finds good cause exists to extend the time for Mr. Massengale to file a Notice of Appeal.

As stated above, the original deadline for filing a Notice of Appeal was October 13, 2026. Thirty days from expiration of that time extended the date to November 12, 2026, for Mr. Massengale to file a Notice of Appeal.

## CONCLUSION

For the reasons stated above, the court grants Mr. Massengale's request for an extension of time (ECF No. 106), and sets Thursday, November 12, 2026, as the amended date by which Mr. Massengale had to file his Notice of Appeal.

DATED this 17th day of November, 2026.

BY THE COURT:

______________________________
Clark Waddoups
United States District Judge